# Wire Book-Sewing Machine Company (Limited), Plff. in Err., *v.* Harry P. Crowell.

A contract for the purchase of a sewing machine on credit, which provides that until the notes given for the purchase price shall be paid the machine shall remain the property of the seller and may meanwhile be used by the purchaser and be in his possession, and that if they are not paid the seller may resume possession, is a conditional sale on credit with a provision to convert the sale into a bailment if the price should not be paid. Such provision does not convert the contract into a bailment *ab initio*.

A plaintiff in replevin is not estopped from proving on the trial that the property replevied is of less value than is stated in his writ or bond; the jury must ascertain its just and fair value.

(Argued January 6, 1887. Decided January 17, 1887.)

January Term, 1886, No. 270, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas No. 3 of Philadelphia County to review a

NOTE.—As to distinction between judicial sale and bailment, see the presentation of authorities in notes to Hineman v. Matthews, 10 L. R. A. 233, and Weinstein v. Freyer, 12 L. R. A. 700. As to rights and liabilities of vendor and purchaser under conditional sale on default of payment, see editorial note to Cole v. Hines, 32 L. R. A. 455.

judgment on a verdict for defendant in an action of replevin. Affirmed.

This was an action of replevin brought by the Wire Book-Sewing Machine Company against Harry P. Crowell to recover possession of two machines of the alleged value of $1,800. The facts as they appeared in the court below were as follows:

Henry R. Nagle, doing business as Nagle & Company, obtained possession of the two machines under two agreements in writing, substantially the same, one of which was as follows:

"This indenture, made this 25th day of July, A. D. 1883, witnesseth, That the undersigned, Nagle & Company, blank-book makers, of 521 Commerce street, Philadelphia, hereby agree to purchase of the Wire Book-Sewing Machine Company, Limited, one of its Wire Book-Sewing Machines, No. 56, for the sum of $1,000, payable as follows: January 20, 1884, $500; January 26, 1884, $500, and have given to the said company their notes for said sum, maturing at the date mentioned.

"Now, it is hereby agreed on the part of the said Wire Book-Sewing Machine Company that if said notes shall be fully paid at maturity it will immediately thereafter deliver to said Nagle & Company a bill of sale for said machine and license to use the same, and to sew books thereon; and will and does at the date hereof (subject to the following conditions) deliver said machine to the said Nagle & Company to be used by them at their place of business, No. 521 Commerce street, in the city of Philadelphia and state of Pennsylvania; but the same shall be and remain the property of said company, pending the maturity of said note; and on failure of the said Nagle & Company to pay all the said note at maturity, any sums then already paid shall be treated and considered as paid for rental and royalty for the use of the said machine, and for the books sewed thereon up to that time; and this contract shall then cease and determine, and the said Wire Book-Sewing Machine Company may at once resume possession of said machine, and shall have the right to enter upon the premises of said Nagle & Company to remove the same.

"And the said Nagle & Company agree to the above; and also that, pending this contract, said machine shall be at all reasonable times subject to the inspection of the agents of said company; that they will not remove the same from the above-

mentioned premises without first having obtained permission, in writing, from the said Wire Book-Sewing Machine Company; and that they will keep the said machine fully insured at their own cost.

"Witness our hands and seals:

Nagle & Co.,

Wire Book-S. M. Co., Limited,

W. J. Brown, Supt."

Nagle & Company never paid any money on this contract. In January, 1884, these machines with one other in possession of Nagle were levied upon under fi. fa., issued on a judgment in favor of Crowell against Nagle, and sold to Crowell for $275.

The Wire Book-Sewing Machine Company brought an action of replevin to recover the two machines, and a verdict was therein rendered for defendant for $180, the amount they cost Crowell at the sheriff's sale. This verdict was set aside and a new trial ordered.

At the second trial the plaintiff offered to show that the defendant, Crowell, had notice prior to the sheriff's sale and contemporaneous knowledge of the agreement and conditions under which Nagle & Company had the possession of the machines in question. This offer was rejected by the court. Fourth assignment of error.

Plaintiff presented the following points:

1. The contracts, under which Nagle & Company obtained possession of the machines, constitute a bailment in law; and if Nagle & Company failed to comply with the terms thereof, they took no title to the machines, and the plaintiff would be entitled to recover.

2. If the defendant had previous full notice of the terms and conditions under which Nagle & Company had possession of the machines, the defendant, by subsequently purchasing the same at sheriff's sale of Nagle & Company's goods, would take no better title than Nagle & Company had; and if the latter had none, the title and right of possession remained in the plaintiff.

3. The contracts in question are for two separate and distinct subject matters, *viz.:* the machine and the patent license to use it; and under no circumstances could the latter be acquired by the defendant under the sheriff's sale in question, if you find that Nagle & Company had no title thereto.

4. If, under the law and the evidence, you find for the defendant, it will be for the value of the goods, which is not conclusively fixed by the indorsement on the writ, but may be ascertained as well from the evidence as to what they cost as from what the defendant paid for them at sheriff's sale.

The court charged the jury as follows:

"The first, second, and third points submitted by the plaintiff are refused, and the fourth is affirmed. The only question for you to determine is the value of the machines. I am of opinion that when plaintiff issued its writ of replevin and fixed the value of the goods it became estopped from afterwards claiming on the trial that they were of less value, unless it can show that it was mistaken, or in ignorance of some deterioration in value before issuing of writ. However, as defendant did not so contend, you will arrive at the value from the evidence. You have, first, the value fixed by plaintiff, deliberately, in its bond; then that the goods were injured by fire to the extent of $100 or $200; also, evidence as to what second-hand machines of like character sold for. You ought also to consider the price at which the goods were bought. You must arrive at their just value, but [your verdict, to be sustained, must be for a fair value, and to fix the value at the price the machines brought at sheriff's sale would not be fair.]"

The jury returned a verdict for defendant, and fixed the value of the goods at $1,752.

The assignments of error specified the portion of the charge inclosed in brackets, the refusal of plaintiff's first, second, and third points and the rejection of the offer of evidence as above stated.

*Hector T. Fenton,* for plaintiff in error.—The agreement shows a mere bailment and not a conditional sale. Where it is plainly the intent of the parties that a note is not to be payment until paid, the giving of such an instrument never affects the quality or character of the transaction. Enlow v. Klein, 79 Pa. 488; Edwards's Appeal, 15 W. N. C. 22, reversing 13 W. N. C. 111, fully support the views above expressed.

However, a contract of bailment which creates a limited time license under a patent, and a covenant to grant an unlimited (as to time) license, for both machine and the patented product thereof, together with a right of property in the machine, must

necessarily be a differently expressed paper from that of a mere contract of hire or conditional sale of personal chattels that have only a value *per se*. Hence, the intention of the parties being ascertained, the courts will give effect to that intention, and not distort a contract for a mere delivery of a patented machinery, under a limited license to use and make a patented product thereon, into a conditional sale of the machine, coupled with an unlimited license, which the parties in the paper expressly declare is not intended to be the subject of the grant.

When the owner of the patent sells the patented article under circumstances which imply that the purchaser is not to acquire an unqualified property in the thing purchased, as where a license accompanies the transfer, the purchaser's rights are limited to the extent of the monopoly granted to him. Holliday v. Matheson, 23 Blatchf. 239, 24 Fed. 185.

The sheriff's vendee had full knowledge of Nagle's agreement with plaintiff; he was not deceived in any way; his debt was contracted and his judgment entered six months before Nagle made the agreement in question, or obtained the machine thereunder; hence, the court below erred in refusing plaintiff's offer to prove such knowledge on the part of defendant, as stated in the fourth assignment of error. Rowe v. Sharp, 51 Pa. 26.

The indorsement on a writ of replevin is prima facie evidence only of value, and not conclusive. Gibbs v. Bartlett, 2 Watts & S. 33; Balsley v. Hoffman, 13 Pa. 603.

*John Dolman, Jr.,* and *John Dolman* for defendant in error.

PER CURIAM:

This is a clear case of a conditional sale on credit followed by a delivery of possession, with a provision to convert the sale into a bailment, if the price of the machines should not be paid. This provision was not sufficient to convert the contract into a bailment *ab initio*.

If the effect of the charge was to declare that the plaintiff below was estopped from proving that the property was of less value than it had stated in its writ or bond, it would be error; but the language is so qualified and explained by the charge as a whole that the jury could not have been misled. They were instructed to ascertain the just and fair value of the property.

Judgment affirmed.